# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JAMES H. CARLEY,     )
        )
  Appellant,     )
        )
  v.     )    C.A. No. N19A-11-008 JRJ
        )
DELAWARE HEALTH     )
AND SOCIAL SERVICES,     )
DIVISION OF SOCIAL SERVICES, )
        )
  Appellee.     )

Date Submitted: July 21, 2020
Date Decided: September 28, 2020

## ORDER DISMISSING APPEAL

Upon consideration of Appellant James H. Carley's Notice of Appeal;[1] Appellee Delaware Health and Social Services, Division of Social Services' Letter Requesting Dismissal;[2] Appellant's Letter in Response;[3] and the record in this case,[4]

**IT APPEARS THAT:**

1. On June 27, 2019, Delaware Health and Social Services, Division of Social Services (the "Agency") sent Carley a letter explaining that it was going to

---

[1] Appellant's Notice of Appeal (Trans. ID. 64436404).
[2] Appellee's Letter Requesting Dismissal (Trans. ID. 65718642).
[3] Appellant's Letter in Response (Trans. ID. 65786190).
[4] Appellee's Letter Requesting Dismissal, Exhibit B (the "Record") (Trans. ID. 65718642).

reduce Carley's Food Supplement Program benefits.[5] The letter stated that Carley's monthly benefits would be reduced from $192 to $15, effective August 1, 2019.[6] Seeking to challenge this benefit reduction, Carley sent the Agency a request for a Fair Hearing on July 3, 2019.[7]

2. On July 16, 2019, the Agency sent Carley a letter notifying him that his Fair Hearing had been scheduled for August 1, 2019, in New Castle, Delaware.[8] On July 22, 2019, Carley sent the Agency a letter requesting that the hearing be rescheduled.[9] Carley noted that he lived in Newark, Delaware, and that he had neither a vehicle nor money for a taxi to get from Newark to New Castle.[10] On August 1, 2019, the Agency sent Carley a notice stating that it had granted his request for a continuance.[11]

3. That same day, the Agency sent Carley a letter informing him that his Fair Hearing had been rescheduled to August 13, 2019, still at the New Castle location.[12] On August 5, 2019, Carley called the Agency to again reschedule the

---

[5] *Id.* at 9–14. In general, the Agency must provide notice to program applicants and recipients when it takes an action. 16 *Del. Admin. C.* §§ 5300 (outlining notice requirements). Among other things, the Agency must inform program applicants and recipients of their right to request a Fair Hearing. *Id.*

[6] Appellee's Letter Requesting Dismissal, Exhibit B, at 9 (Trans. ID. 65718642).

[7] *Id.* at 7.

[8] *Id.* at 3.

[9] *Id.* at 28–29.

[10] *Id.* at 28.

[11] *Id.* at 30–31.

[12] *Id.* at 32–33.

Fair Hearing.[13]  He explained that he was set to undergo surgery on August 8, 2019, and anticipated needing more time to recover than the August 13, 2019 date would allow.[14]  Carley asked that his Fair Hearing be rescheduled to a date that was at least two weeks after his surgery.[15]  Later on August 5, 2019, the Agency sent Carley a notice stating that it had granted his second request for a continuance.[16]

4.      On August 9, 2019, the Agency sent Carley a letter rescheduling the Fair Hearing for August 20, 2019.[17]  On August 19, 2019, Carley called the Agency seeking to reschedule the Fair Hearing for a third time; he said that he had not had enough time to recover from his surgery.[18]  That same day, the Agency sent Carley a notice stating that it had granted his third request for a continuance.[19]

5.      On August 21, 2019, the Agency sent Carley a letter stating that the Fair Hearing had been rescheduled for September 6, 2019.[20]  Nothing in the record shows any attempt by Carley to reschedule the Fair Hearing, and he failed to attend it.[21]

---

[13] *Id.* at 34.
[14] *See id.*  Other than the Agency's report of the phone call with Carley, the record contains no evidence that Carley actually underwent surgery on August 8, 2019.
[15] *Id.*
[16] *See id.* at 34–35.
[17] *Id.* at 36–37.
[18] *Id.* at 38–39.
[19] *Id.*
[20] *Id.* at 40–41.
[21] *Id.* at 42.

6.    On September 9, 2019, the Fair Hearing Officer issued a Fair Hearing Disposition dismissing Carley's request for a Fair Hearing as having been abandoned.[22]  The Officer's Fair Hearing Disposition states:

> James Carley (Appellant) requested a Fair Hearing to dispute an action made by the Division of Social Services (DSS). DSS scheduled the requested hearing for September 6, 2019 at 10:30 AM.  The Appellant did not appear at the Fair Hearing on September 6, 2019.  Proper notice was sent.
>
> The request for a Fair Hearing is Dismissed as Abandoned pursuant to the Delaware Social Services Manual (DSSM), Section 5307 (C).[23]

7.    On September 11, 2019, Carley sent the Agency a letter asking it to review its decision to reduce Carley's Food Supplement Program benefits.[24]  Carley included with the letter a handwritten note explaining that he fears driving motor vehicles, which was why he could not attend the Fair Hearing on September 6, 2019.[25]  Nothing in the record indicates that the Agency responded to Carley's letter. On November 14, 2019, Carley filed this appeal.[26]

8.    In his Notice of Appeal, Carley does not argue that the Agency made any legal or factual error in dismissing his request for a Fair Hearing; rather, he lists

---

[22] *Id.*

[23] *Id.*  16 *Del. Admin. C.* § 5307(C) ("The hearing officer of the Division will dismiss or deny a request for a fair hearing where . . . [t]he appellant has abandoned his or her request by failing without good cause[] to appear by him/herself or by an authorized representative at a scheduled hearing.").

[24] Appellee's Letter Requesting Dismissal, Exhibit B, at 43–46 (Trans. ID. 65718642).

[25] *Id.* at 46.

[26] Appellant's Notice of Appeal (Trans. ID. 64436404).

several facts that he believes the Agency overlooked when it reduced his Food Supplement Program benefits.[27]

9. In response, the Agency sent a letter to the Court asking that Carley's appeal be dismissed for two reasons.[28] First, the Agency argues that the appeal is not ripe for review.[29] The Agency notes that Carley failed to attend his Fair Hearing, the proper venue in which to contest an unfavorable Agency action,[30] and because Carley failed to attend his Fair Hearing, he has not exhausted his administrative remedies.[31] That being the case, the Agency concludes, Carley's appeal is not ripe for review by this Court.[32]

10. Second, the Agency argues that Carley's appeal is time-barred.[33] According to the Agency, pursuant to 31 *Del. C.* § 520, Carley was required to file his appeal to this Court within 30 days of September 9, 2019.[34] That was the date on which the Fair Hearing Officer issued her Fair Hearing Disposition, dismissing Carley's request for a Fair Hearing.[35] According to the Agency, because Carley did

---

[27] *Id.*
[28] Appellee's Letter Requesting Dismissal (Trans. ID. 65718642).
[29] *Id.* at 1–2.
[30] *See id.* at 1.
[31] *Id.* at 1.
[32] *Id.*
[33] *Id.* at 2.
[34] *Id.*
[35] *See id.* (citing 31 *Del. C.* § 520).

not file his appeal until November 14, 2019—in excess of 30 days—Carley's appeal is time-barred.[36]

11.    In response to the Agency's arguments, Carley asserts that he could not physically attend the Fair Hearing because of the medical operations that he had undergone.[37]

12.    Under Superior Court Rule of Civil Procedure 72(i), the Court may dismiss an administrative appeal "for untimely filing . . . , for appealing an unappealable interlocutory order, for failure of a party diligently to prosecute the appeal, for failure to comply with any rule, statute, or order of the Court[,] or for any other reason deemed by the Court to be appropriate."[38]

13.    The Court agrees with the Agency that dismissal is appropriate because Carley has not exhausted his administrative remedies, making his appeal not ripe for review. "The ripeness doctrine requires suits to be brought at the right time in order to conserve judicial resources. Often, a precondition for ripeness, especially when

---

[36] Appellee's Letter Requesting Dismissal, at 2 (Trans. ID. 65718642).
[37] Appellant's Response to the Court's Request (Trans. ID 65786190).  Though Carley has attached a Medicare Summary Notice stating that he had received medical care at Christiana Care Health Services from June 7 to June 13, 2019, he has not provided any evidence that he had undergone any medical operation or treatment during the period in which his Fair Hearings were scheduled:  August 1 to September 6, 2019.
[38] Super. Ct. Civ. R. 72(i).

it comes to an appeal from an administrative agency, is the exhaustion of administrative remedies."[39]

14.    In Delaware, "a party is required to exhaust all available administrative remedies before bringing a claim before the Superior Court."[40]  That means that when "a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will either review any action by the agency or provide an independent remedy."[41]

15.    But "exhaustion will not be required where administrative review would be futile, where there is a need for prompt decision in the public interest, where the issues do not involve administrative expertise or discretion[,] or where irreparable harm would result from denial of immediate judicial relief."[42]  Nothing in the record suggests that any of these exceptions apply here.

16.    The Agency provides an administrative process for aggrieved beneficiaries to challenge reductions in their benefits; that process is the Fair Hearing.  Carley must seek relief in that venue before seeking relief in this Court.[43]

---

[39] *Butcher v. Wilmington Trust Co.*, 2014 WL 1275581, at *3 (Del. Super. Ct. Mar. 31, 2014) (citations omitted).

[40] *Kmetz v. Am. Ass'n of Univ. Professors*, 2017 WL 6398165, at *2 (Del. Dec. 14, 2017) (citing *Levinson v. Del. Comp. Rating Bureau, Inc.*, 616 A.2d 1182, 1187 (Del. 1992) ("Delaware has adopted the doctrine of exhaustion of administrative remedies.")).

[41] *Levinson v. Del. Comp. Rating Bureau, Inc.*, 616 A.2d 1182, 1187 (Del. 1992).

[42] *Id.* at 1190.

[43] Because the Court finds that Carley's appeal is not ripe, the Court need not decide whether Carley's appeal is also time-barred.

17.     For Carley to have exhausted his administrative remedies, either (1) Carley must appear at a scheduled Fair Hearing where his case is heard on the merits;[44] or (2) if Carley fails to appear, the Fair Hearing Officer must issue a Fair Hearing Disposition that explains why Carley's absence is "without good cause."[45] If Carley cannot attend his scheduled Fair Hearing, he must either reschedule the Fair Hearing or explain to the Agency why he is unable to attend it.

**NOW THEREFORE**, for these reasons, Appellant James H. Carley's appeal is **DISMISSED**.

**IT IS SO ORDERED.**

*Jan R. Jurden*

_____

Jan. R. Jurden, President Judge

cc:  Prothonotary

---

[44] *Cf. Matthews v. Don-Lee Margin Corp.*, 2015 WL 4719837, at *2 (Del. Super. Ct. Aug. 5, 2015) ("As Appellant did not appear, the [Unemployment Insurance Appeals] Board was unable to address the merits of Appellant's case and dismissed the appeal.  Accordingly, Appellant did not exhaust all administrative remedies prior to this appeal and this Court cannot rule on the merits of her case.").

[45] 16 *Del. Admin. C.* § 5307(C).